

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOE, )
         )
     Plaintiff, )
         )     **No. 04 C 4097**
   v. )
         )     **Judge John W. Darrah**
WANG XUDONG, )
         )
     Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Doe, filed suit against Defendant, Wang Xudong, alleging claims of torture; cruel, inhuman, and degrading treatment; arbitrary arrest and detention; crimes against humanity; deprivation of life, liberty, and security of person and peaceful assembly and association; false imprisonment; intentional infliction of emotional distress; and assault and battery. Doe and Xudong are both citizens of the People's Republic of China. Xudong is the Secretary of the Provincial Committee of the Chinese Communist Party in Hebei province and Minister to China's Ministry of Information Industry. Doe seeks damages for violations of customary international law, laws of the United States, and laws of the State of Illinois. Presently before the Court is Doe's Motion for Entry of Default Judgment.

Federal Rule of Civil Procedure 55(a) provides for the entry of default judgment against a party that has "failed to plead or otherwise defend the case as provided by the rules and that fact is made to appear by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a).

Doe's Complaint was filed on June 17, 2004. On June 18, 2004, a process server attempted to personally serve the Complaint and Summons on Xudong. On that date, Xudong was attending

a conference at the Hyatt Regency Hotel in Chicago, Illinois. The process server went to the 33rd floor of the hotel where Xudong was staying, where he was met by an individual guarding a door. The process server asked the guard to hand the documents to Xudong. The guard did not acknowledge whether Xudong was in the room and refused to accept the documents, after which the process server placed the documents on the floor next to the guard's feet.

On June 19, 2004, certain individuals learned that Xudong would be visiting Motorola, Inc., in Schaumburg, Illinois. As the vehicle Xudong was believed to be in arrived at Motorola, several individuals taped copies of the Complaint and Summons on the vehicle. No one avers to have seen Xudong take any of the taped documents off the vehicle.

On May 26, 2005, Doe sought, obtained leave, and filed an Amended Complaint. On June 16, 2005, Doe mailed a copy of the Amended Complaint and a letter informing Xudong of his need to reply before June 12, 2005. The electronic delivery status report of the Hong Kong Post indicates that the package was accepted and signed for at Xudong's business address on June 20, 2005. However, the Certificate of Posting indicates that the sender was:

> CHEN Chengyuan
> 22/F China Resources Building, Wnachai, Hong Kong
> Grain & Oil Import & Export (HK) Corp.

In August 2005, Doe moved for entry of default judgment against Xudong for Xudong's failure to file a responsive pleading. On October 14, 2005, Doe attempted to deliver a copy of the Motion for Entry of Default by Federal Express and the Hong Kong Post. The deliveries were not accepted. In addition, both copies of the motion were incomplete. On October 17, 2005, Doe attempted to deliver a copy of the Amended Complaint to Xudong via Federal Express; the delivery was not accepted. On October 31, 2005, Doe attempted to deliver a complete copy of the Motion

2

for Entry of Default on Xudong via the Hong Kong Post. The delivery was not accepted. On November 14, 2005, another individual attempted to have a copy of the Motion for Entry of Default delivered to Xudong's office via United Parcel Service. The package was not accepted. On November 21, 2005, two other individuals attempted to have a copy of the Motion for Entry of Default delivered to Xudong via Federal Express. Federal Express could not deliver the packages to Xudong's office because of security reasons, and Xudong refused to pick up the package at Federal Express.

Xudong has not filed any responsive pleadings in this Court, and no attorney has filed an appearance on his behalf.

Valid service of process is a prerequisite to the district court's assertion of personal jurisdiction. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 103 (1987). A court may (and perhaps must) *sua sponte* consider the issue of personal jurisdiction when addressing the imposition of a default judgment. *See, e.g., System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999); *Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997); *Plaintiffs A, B, C, D, E, F v. Zemin*, 2003 WL 22290409 (N.D. Ill. Oct. 6, 2003); *First Nat. Bank of Louisville v. Bezema*, 569 F. Supp. 818, 819 (S.D. Ind. 1983).

Here, Doe attempted to serve Xudong while he was within Illinois and while he was in China. Service of the summons and complaint upon an individual within a judicial district of the United States may be effected pursuant to the law of the state where the district court is located or

3

by delivering a copy of the summons and the complaint to the individual personally or by leaving copies "at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ." Fed. R. Civ. P. 4(e)(1), (2).

Service of an individual within Illinois may be effected by a person authorized to serve process by leaving a copy of the summons with the defendant personally or by leaving a copy at the defendant's usual place of abode with some person of the family or a person residing there. 725 ILCS 5/2-202; 203(a).

Here, a process server attempted to personally serve Xudong at his hotel. Xudong was not personally served. The process server also left a copy of the Complaint and summons on the floor outside a hotel room by a guard's feet. However, a hotel where the defendant is a temporary guest is not a defendant's usual place of abode. *See White v. Primm*, 36 Ill. 416 (1865). Furthermore, Doe has failed to demonstrate that Xudong was actually the guest in the hotel room or that the guard was a person of Xudong's family or was residing in the hotel. Furthermore, several individuals' act of taping envelopes containing copies of the Complaint and summons to an automobile believed to contain Xudong does not constitute personal delivery to Xudong by an individual authorized to serve process. *See* 725 ILCS 5/2-202; 203(a).

Doe also attempted to serve Xudong with the Amended Complaint via the Hong Kong Post when Xudong was in China. The validity of service attempted abroad is controlled by the Hague Convention, to the extent that the Hague Convention applies. *See Volkswagenwerk Atkiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

4

The Hague Convention, ratified by the United States in 1965, regularized and liberalized service of process in international suits. The primary means by which service is accomplished is through a receiving country's "Central Authority." *See* Hague Convention, art. 2. The Hague Convention also provides that it does not "interfere with" other methods of serving documents, "Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons aboard." Hague Convention, art 10(a); *see also Brockmeyer v. May*, 383 F.3d 798, 801-02 (9th Cir. 2004); *Ackermann v. Levine*, 788 F.2d 830, 838 (2nd Cir. 1986); *Sibley v. Alcan, Inc.*, ___ F. Supp. 2d ___, ___ (N.D.Oh. 2005) (2005 WL 3046460); *Randolph v. Hendry*, 50 F. Supp. 2d 572, 578 (S.D. W. Va. 1999); *Eoi Corp. v. Medical Marketing Ltd.*, 172 F.R.D. 133, 141 (D.N.J. 1997) (collectively, holding that Article 10(a) includes service of summons by postal channels).

Doe argues that service of the Amended Complaint was proper pursuant to Federal Rule of Civil Procedure 5, rather than Rule 4, because the Amended Complaint did not contain any new allegations. However, as discussed above, the original Complaint and summons were not properly served pursuant to Rule 4; accordingly, Doe cannot rely on Rule 5 for proper subsequent service. Furthermore, irregardless of the rule, service by postal channels is not valid as China declared its opposition to the service of documents in its territory to the methods included in Article 10, including postal channels. *See* Hague Convention, Ancillary Laws and Directives, *reprinted in* U.S.C.S. on International Agreements at 284.

Doe argues that Xudong has waived or forfeited any proof of service (jurisdictional) challenge by having actual notice of the suit and not filing a motion challenging service. However, Doe has moved for default judgment; and a defaulted party does not waive or forfeit a jurisdictional challenge because he has not typically failed to appear or file an answer. *See Swaim v. Molton Co.*, 73 F.3d 711, 717 (7th Cir. 1996). Furthermore, based on the materials provided, Doe has not sufficiently demonstrated that Xudong has had actual knowledge of the suit and/or has continuously evaded service.

As set out above, Doe's first attempt of service was leaving a copy of the summons and Complaint at the feet of a guard at a room that Xudong *may* have been a guest. Doe's second attempt was having protesters tape envelopes and/or copies of the materials to a car that it was believed Xudong had occupied. Doe's attempt to serve the Amended Complaint included mailing the materials through the Hong Kong Post. However, because service was attempted abroad, Doe had to provide service pursuant to the Hague Convention. Doe does not argue that service was attempted in this manner or that the Hague Convention was even considered to determine how service should be effected. Furthermore, the translation of the proof of delivery indicates that the mailing was sent by an individual of the Grain & Oil Import & Export (HK) Corporation. Doe does not explain why the proof of delivery is for a mailing from this company within China. The Court acknowledges Doe's frustration with attempting service on a foreign defendant, but avoiding such difficulties was one of the main purposes of the Hague Convention. *See Brockmeyer*, 383 F.3d at 801. Based on the above, Doe has not demonstrated that Xudong has evaded service in such a manner that improper service can be excused. *See Robinson Eng'g Co. v. George*, 223 F.3d 445, 452-53 (7th Cir. 2000) (plaintiff failed to demonstrate that defendant evaded service to excuse

6

improper service). Because Doe has failed to demonstrate that Xudong has been properly served, the Court lacks jurisdiction over Xudong; and Doe's Motion for Entry of Default Judgment is denied.

For the reasons stated above, Doe's Motion for Entry of Default Judgment is denied.

Dated: December 15, 2005

JOHN W. DARRAH
United States District Judge