# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOE, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 04 C 4097 |
| v. | )<br>) Judge John W. Darrah |
| WANG XUDONG, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Doe, filed suit against Defendant, Wang Xudong, alleging claims of torture; cruel, inhuman, and degrading treatment; arbitrary arrest and detention; crimes against humanity; deprivation of life, liberty, and security of person and peaceful assembly and association; false imprisonment; intentional infliction of emotional distress; and assault and battery. Doe and Xudong are both citizens of the People's Republic of China. Xudong is the Secretary of the Provincial Committee of the Chinese Communist Party in Hebei province and Minister to China's Ministry of Information Industry. Doe seeks damages for violations of customary international law, laws of the United States, and laws of the State of Illinois.

Subsequently, Doe moved for entry of default judgment against Xudong. In reviewing Doe's motion for entry of default, the Court determined that it lacked personal jurisdiction over Xudong because Doe had not properly served Xudong. Accordingly, Doe's motion for entry of default was denied. Doe now seeks to use an alternative method of service to serve Xudong a newly filed motion

for entry of default judgment. Doe also seeks, *ex parte*, leave to file under seal a memorandum in support of adequacy of service, addressing the Court's previous ruling that Xudong had not been properly served.

The underlying facts and history of the attempted service upon Xudong are fully set forth in the Court's previous Memorandum Opinion and Order and need not be repeated.

Doe argues that the Court should extend "service-upon-security guard at place of abode" to service-upon-security guard at hotel where the security guard prevents the server from getting close enough to make service upon the defendant. Doe cites several cases that held service to a security guard or doorman at the defendant's residence was sufficient to satisfy the requirements of Federal Rule of Civil Procedure 4(d)(1). However, none of the cases support the proposition that service at a hotel – not a place of abode – was proper. A hotel where a defendant is a temporary guest is not a defendant's usual place of abode. *See White v. Primm*, 36 Ill. 416 (1865).

Doe next repeats its argument that several individuals' attempts to serve Xudong by taping copies of the papers on a van believed to be occupied by Xudong were sufficient service in light of Xudong's unwillingness to accept service. Doe includes additional "facts" to support his argument. When the van, which was believed to contain Xudong, arrived at a Motorola in Schaumburg, Illinois, several individuals held up a large banner that read, in Chinese and English, "Wang Xudong, we are serving you on behalf of Doe for torture and other human rights violations." Doe also includes additional affidavits from individuals in an attempt to demonstrate that Xudong was in the van and was aware, or became aware, of the instant suit and the attempts of service. However, the statements in the primary affidavit are based upon conversations that the affiant *overheard* and the *conclusions* that the affiant made based upon these overheard conversations.

Several individuals' acts of taping envelopes containing copies of the Complaint and summons to an automobile believed to contain Xudong do not constitute personal delivery to Xudong by an individual authorized to serve process. *See* 725 ILCS 5/2-202; 203(a). Furthermore, based on the absence of competent facts before the Court, Doe has not demonstrated that service should be deemed effective because Xudong knows of the suit and has repeatedly, intentionally avoided service. Xudong's failure to retrieve papers that were taped to a van, assuming he was in the van, at what could have reasonably been viewed as a political protest, is not evidence of intentionally avoiding service. In addition, the affidavits filed in support of service contain statements based on overheard conversations and conclusions drawn from those conversations. Moreover, Doe has not attempted service as provided by the applicable Hague Convention and has not even attempted to demonstrate that such an attempt would be futile. Because Doe has failed to demonstrate that Xudong has been properly served, the Court lacks jurisdiction over Xudong.

Based on the above, Doe's *Ex Parte* Motion for Leave to File Memorandum in Support of the Adequacy of Service Under Seal is granted. In light of the lack of proper service, Doe's Motion for Leave to Use an Alternative Method of Service to Serve the Motion for Entry of Default and Doe's [Renewed] Motion for Application for Entry of Default are denied as moot.

Dated: January 3, 2006

JOHN W. DARRAH
United States District Court Judge